IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISIDRO TORRES, | ) | No. CV-F-05-878 OWW |
| | ) | (No. CR-F-03-5165 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING IN PART |
| | ) | PETITIONER'S MOTION TO |
| vs. | ) | VACATE, SET ASIDE OR CORRECT |
| | ) | SENTENCE PURSUANT TO 28 |
| | ) | U.S.C. § 2255, DIRECTING |
| UNITED STATES OF AMERICA, | ) | FEDERAL DEFENDER TO APPOINT |
| | ) | COUNSEL TO REPRESENT |
| | ) | PETITIONER, AND ORDERING |
| Respondent. | ) | UNITED STATES TO FILE |
| | ) | RESPONSIVE PLEADING (Doc. |
| | ) | 438) |

On June 25, 2005, Petitioner Isidro Torres timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

As grounds for relief, Petitioner asserts:

1. Ineffective Assistance of Counsel:

    a. Counsel did not file a notice of appeal as Petitioner had requested;

1

    b. Counsel did not obtain a waiver to not file a notice of appeal;

    c. Counsel did not challenge the method used to determine the type and amount of methamphetamine; and

    d. Counsel did not bring to the Court's attention 18 U.S.C. § 3553(a).

  2. The Court erred by admitting into evidence testimony without giving Petitioner the opportunity to cross-examine;

  3. The Court erred by sentencing Petitioner above the statutory maximum with evidence the Court determined was true by a preponderance of the evidence standard.

  A. <u>Background</u>.

  Petitioner pleaded guilty pursuant to a written Plea Agreement to Count Three of the Superseding Indictment charging him with distributing 5 grams or more of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  The Plea Agreement specifically provided:

> [T]he defendant knowingly waives the right to appeal his conviction or any sentence ... The defendant also waives his right to challenge his conviction, sentence, or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code Sections 2241 or 2255.
>
> ...
>
> The defendant fully understands the nature and elements of the crimes with which he has been charged, together with the possible defenses thereto, and has discussed them with his attorney.  To convict the defendant, the government would have to prove the following elements beyond a reasonable doubt:

> First, that the defendant knowingly delivered methamphetamine to another individual; and
>
> Second, the defendant knew that the substance was methamphetamine.
>
> In addition, the government would have to establish beyond a reasonable doubt the quantity involved in her [sic] offense, that is that she [sic] distributed 5 grams or more of methamphetamine.
>
> ...
>
> The defendant will plead guilty because he is in fact guilty of the crime set forth in count three of the Superseding Indictments [sic]. The defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:
>
> On or about December 12, 1998, in the County of Tulare, State and Eastern District of California, the defendant did knowingly and intentionally aid and abet Teresa Felix to sell approximately 227.8 grams of a mixture containing 11.7 grams of actual methamphetamine to an undercover agent.
>
> Specifically, the [sic] Teresa Felix negotiated with an undercover agent to sell approximately ½ pound of methamphetamine in exchange for $2,300. The defendant, at the request of Teresa Felix, picked up the drugs and delivered them to where Felix and the agent were waiting. The defendant knew that he was distributing methamphetamine, a controlled substance.

The Plea Agreement set forth that the mandatory minimum sentence was five years and that the statutory maximum sentence was 40

years.

Petitioner was sentenced on June 25, 2004 to 84 months incarceration.

B.   Ineffective Assistance of Counsel.

To establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other. *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time." *Id.* at 689. The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were

4

outside the wide range of professionally competent assistance." *Id.*  The court must apply "a heavy measure of deference to counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."  *Id.* at 690-691.  "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable."  *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."  *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989).  A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not ineffectiveness.  *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must demonstrate that errors "actually had an adverse effect on the defense."  *Strickland*, 466 U.S. at 693.  "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  *Id.*  "Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."  *Id.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability

is a probability sufficient to undermine confidence in the outcome.  *Id.* at 694.

      a.  <u>Failure to Challenge Preponderance of Evidence Standard</u>.

Petitioner contends that counsel was constitutionally ineffective by his failure "to challenge the district court's standard of proof an [sic] ultimately the court's reliance on the quantity of methamphetamine submitted by the government in sentencing the defendant."  Petitioner asserts that he was "prejudiced by the imposition of a sentence of imprisonment in excess of that authorized by a jury determination/beyond a reasonable doubt."

Petitioner's contention is without merit.  Petitioner admitted in the written Plea Agreement and under oath during the change of plea colloquy to the amount of methamphetamine he distributed.

      b.  <u>Failure to Challenge the District Court's Erroneous Determination of the Type of Methamphetamine Attributed to the Petitioner for the Purposes of Sentencing</u>.

Petitioner contends that counsel was ineffective for failing to challenge the Court's failure "to make a finding whether the methamphetamine was specifically an injectable or noninjectable form."  Petitioner's contention is based on the premise that injectable methamphetamine is a Schedule III controlled substance, thereby entitling him to a lesser statutory maximum sentence.

Petitioner's argument is baseless.  Methamphetamine in all its forms is properly classified as a Schedule II controlled substance pursuant to 21 C.F.R. § 1308.12(d).  As explained in *United States v. Turner*, 2007 187 Fed.Appx. 698 (9th Cir.2006):

> We have held that the Attorney General properly rescheduled all forms of methamphetamine to Schedule II, despite language in 21 U.S.C. § 812(c) that includes some forms of methamphetamine in Schedule III.  *United States v. Kendall,* 887 F.2d 240, 241 (9th Cir.1989) (per curiam); *see also United States v. Durham,* 941 F.2d 886, 889 (9th Cir.1991)(stating that '[t]his court has repeatedly concluded, as we have again in this opinion, that methamphetamine has been properly designated a Schedule II controlled substance'); *accord United States v. Macedo*, 406 F.3d 778, 785 (7th Cir.2005)(finding that 'the reclassification of methamphetamine as a schedule II controlled substance applies to all forms of methamphetamine in accordance with 21 C.F.R. § 1308.12(d) despite [21 U.S.C. § 812's] distinction'); *United States v. Gori*, 324 F.3d 234, 239-40 (3rd Cir.2003)(rejecting the defendant's argument that '§ 812's classification of methamphetamine supersedes the subsequent regulation').

Because Petitioner's basic premise is meritless, Petitioner's claim that counsel was ineffective also fails.

    c.   <u>Failure to Raise 18 U.S.C. § 3553(a) at Sentencing</u>.

Petitioner contends that he was denied the effective assistance of counsel because counsel "failed to raise to the attention of the Court that the overriding principle and mandate of Section 3553(a) requires district courts to impose a sentence sufficient but not greater than necessary, to comply with the four purposes of sentencing set forth in Section 3553(a)(2)."

Petitioner contends that, "[s]ince Section 3553(a) requires a sentence to be no greater than necessary to meet the 4 purposes of sentencing, imposition of sentence greater than necessary to meet these purposes is reversible, even within guideline range."

Petitioner cites as authority a dissenting opinion in *United States v. Denardi*, 892 F.2d 269, 276-277 (3rd Cir.1989). Petitioner's contention is not followed in the Ninth Circuit. As explained in *United States v. Cervantes-Valenzuela*, 931 F.2d 27, 29 (9th Cir.1991):

> No reasons need be stated for imposition of sentence at a particular point within the guideline range ... We assume that the district court knows and applies the law correctly ... and therefore considers the factors in 18 U.S.C. § 3553(a).

Counsel was not ineffective by failing to raise a meritless argument.

        d.    <u>Failure to File Notice of Appeal</u>.

Petitioner contends that he was denied the effective assistance of counsel because of counsel's failure to file a Notice of Appeal after Petitioner requested that he do so.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court addressed the showings required for a claim of ineffective assistance of counsel because of counsel's failure to file a notice of appeal. The Supreme Court noted that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477.

An evidentiary hearing will be required to determine whether counsel failed to file a Notice of Appeal after being requested to do so by Petitioner. The Federal Defender will be ordered to appoint counsel to represent Petitioner in this evidentiary hearing.[1]

C.  **Violation of *Crawford v. Washington*.**

Petitioner contends that the Court erred "by admitting into evidence the assertions made by the government, and the Probation Department, which vouched for the type and quantity of the controlled substances involved in this case." Petitioner asserts that he had "no opportunity to cross-examine the chemist that tested the controlled substances in question which was in violation of the Defendant's [sic] confrontation rights."

Petitioner relies on *Crawford v. Washington*, 541 U.S. 36 (2004), decided on March 8, 2004.

Petitioner's contention is without merit. In *United States v. Littlesun*, 444 F.3d 1196, 1199 (9th Cir.), *cert. denied*, ___ U.S. ___, 127 S.Ct. 248 (2006), the Ninth Circuit held:

> Littlesun argues ... that the Supreme Court's decision in *Crawford v. Washington* requires that the Confrontation Clause be interpreted to exclude hearsay at sentencing. But *Crawford* does not expressly speak to sentencing. It holds that, with the possible

---

[1] Petitioner also contends that counsel was constitutionally ineffective because counsel failed "to contact the Defendant in any way to try and obtain a waiver from the Defendant which would have stated that the Defendant did not wish to appeal." Petitioner's contention is obscure inasmuch as Petitioner specifically waived his right to appeal in the Plea Agreement and during the change of plea colloquy.

> exception of dying declarations, the Confrontation Clause demands two things for admissibility of testimonial hearsay *at trial*: unavailability to the witness and prior opportunity for cross-examination. *Crawford* speaks to trial testimony, not sentencing.

D. **Application of *Booker*, *Blakely* and *Apprendi*.**

Petitioner contends that he is entitled to relief;

> In the case at bar the defendant admitted certain facts, however, he admitted said facts under the preponderance of the evidence standard, at the advice of his former counsel. However, the Defendant did not enter into any stipulations under beyond a reasonable doubt except for which he was charged in the indictment.

Petitioner relies on *United States v. Booker*, 543 U.S. 200 (2005) *Blakely v. Washington,* 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Petitioner's is not entitled to relief on this ground. First of all, *Booker*, which was decided after Petitioner was sentenced, and *Blakely*, which was decided the day before Petitioner was sentenced, are not retroactive on collateral review. *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), *cert. denied*, 546 U.S. 1155 (2006); *Schardt v. Payne*, 414 F.3d 1025 (9th Cir.2005). Secondly, Petitioner admitted under oath during the change of plea proceedings that he committed the charged crime and the amount of methamphetamine involved. Thirdly, as the Ninth Circuit has recently reiterated, the district courts resolve factual disputes at sentencing by applying the preponderance of the evidence standard. *United*

10

1  *States v. Moreland*, 509 F.3d 1201, 1219-1220 (9th Cir.2007).
2  Because Petitioner's sentence did not exceed the statutory
3  maximum for the charge on which he was convicted, *Apprendi* is not
4  implicated.  *Id.*

## CONCLUSION

For the reasons stated:

1. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED on all claims except his claim of ineffective assistance of counsel because of counsel's alleged failure to file a Notice of Appeal after requested to do so by Petitioner;

2. The Federal Defender is ordered to appoint counsel to represent Petitioner in connection with his claim of ineffective assistance of counsel because of counsel's alleged failure to file a Notice of Appeal after requested to do so by Petitioner;

3. The United States is ordered to file a responsive pleading within 30 days of the filing date of this Memorandum Decision and Order to Petitioner's claim of ineffective assistance of counsel because of counsel's alleged failure to file a Notice of Appeal after requested to do so by Petitioner.

IT IS SO ORDERED.

Dated:   **May 22, 2008**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE