IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO TORRES,<br><br>           Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | No. CV-F-05-878 OWW<br>(No. CR-F-03-5165 OWW<br><br>ORDER DENYING RESPONDENT'S<br>MOTION FOR RECONSIDERATION<br>(Doc. 507) |

By Order filed on June 5, 2008, the United States was ordered to respond to Petitioner's claim of ineffective assistance of counsel because of counsel's alleged failure to file a Notice of Appeal after being requested to do so by Petitioner.

The United States moved to dismiss this claim because Petitioner specifically waived his right to appeal in his written Plea Agreement. By Order filed on June 16, 2008, the motion to dismiss was denied because in *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir.2005), the Ninth Circuit held that it was

1

1  error to dismiss without an evidentiary a Section 2255 motion
2  alleging that the petitioner, who had waived his right to appeal
3  in a plea agreement, specifically told his attorney to file a
4  Notice of Appeal.
5       Respondent moves for reconsideration of the denial of the
6  motion to dismiss.  Respondent clarifies that the motion to
7  dismiss was not based on the waiver in Petitioner's Plea
8  Agreement of the right to appeal, but on the waiver in the Plea
9  Agreement of "his right to challenge his conviction, sentence or
10 the manner in which it was determined in any post-conviction
11 attack, including but not limited to a motion brought under Title
12 28, United States Code, Sections 2241 or 2255."  Respondent
13 argues that *Sandoval-Lopez* is not controlling because Sandoval-
14 Lopez did not also waive his right to collaterally attack his
15 sentence as did Petitioner in this action.  Respondent asserts:

> The government is not arguing that the motion
> should be dismissed because the defendant
> waived his right to appeal, it is arguing
> that the motion cannot be brought in light of
> the defendant's specific waiver of his right
> to collaterally attack his sentence, a waiver
> bargained for [by] the government in exchange
> for other concessions.

     A defendant may waive the statutory right to bring a Section
2255 motion challenging the conviction or sentence.  *United
States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States
v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992), *cert. denied*, 508
U.S. 979 (1993).  The Ninth Circuit ruled that "a plea agreement
that waives the right to file a federal habeas petition pursuant

1  to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim
2  that challenges the voluntariness of the waiver." *Washington v.*
3  *Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S.
4  1074 (2006).  Petitioner made no claim in his Section 2255 motion
5  that the waiver of his right to collaterally attack his
6  conviction and sentence was not knowing and voluntary.
7  Nonetheless, Petitioner's claim that his attorney did not file a
8  notice of appeal after being requested to do so can only be
9  raised in a Section 2255 motion.  Although *Sandoval-Lopez* did not
10 specifically involve a waiver of the right to appeal and a waiver
11 of the right to collaterally attack his conviction and sentence,
12 the Ninth Circuit's holding, when conjoined with the Supreme
13 Court's statement in *Roe v. Flores-Ortega*, 528 U.S. 470, 477
14 (2000), strongly implies that this claim of ineffective
15 assistance of counsel may proceed to the merits, notwithstanding
16 waiver issues.
17      For the reasons stated, Respondent's motion for
18 reconsideration is DENIED.
19
20
21 IT IS SO ORDERED.
22 **Dated:  June 23, 2008**                /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE
23
24
25
26

3